NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ENRIQUE ZACARIAS DIAZ,

        Plaintiff - Appellant,

  v.

J. CUNHA; V. ALVARADO; D.
MCGREGOR; J. CIMMIYOTI; J.
BATEMAN; T. NESS; A. GONZALEZ;
OREGON DEPARTMENT OF
CORRECTIONS,

        Defendants - Appellees.

No. 24-5355

D.C. No. 2:22-cv-01125-YY

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted August 19, 2025**

Before:     SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Oregon state prisoner Enrique Zacarias Diaz appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging constitutional claims arising from his time in disciplinary segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Diaz failed to exhaust administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]").

**AFFIRMED.**